# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.

_____

No. 3D20-838
Lower Tribunal No. 17-29027
_____

**Cecilia Garcia, et al.,**
Appellants,

vs.

**Yamila Evertz, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Hopple Law Firm, LLLP, Stephanie C. Hopple and Patrick R. Hopple, for appellants.

Sutton Law Group, P.A., and John R. Sutton, for appellee, Yamila Evertz.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

### *ON MOTIONS FOR REHEARING*

GORDO, J.

We deny the motions for rehearing, withdraw our previously issued opinion, and substitute the following in its place.

Appellant, Cecilia Garcia, seeks review of four trial court orders: 1) Order on Partial Summary Judgment dated August 29, 2019; 2) Order Denying Cecilia Garcia's Motion for Leave to Amend Counter-Claim to Claim Punitive Damages dated October 23, 2019; 3) Order Denying Defendant's Motion for Rehearing/Reconsideration dated February 27, 2020; and 4) Order Granting Plaintiff Yamila Evertz's Motion for Partial Summary Judgment Dismissing with Prejudice Counter Claimant Cecilia Garcia's Remaining Claims dated March 10, 2020. Appellee, Yamila Evertz, moves to dismiss this appeal for lack of jurisdiction because the notice of appeal was not timely filed. We find the notice of appeal was untimely filed thirty-one days after Evertz's notice of voluntary dismissal terminating the litigation and, therefore, dismiss for lack of jurisdiction.

This appeal arose out of an action filed by Evertz against Garcia. On May 4, 2020, Evertz voluntarily dismissed with prejudice all pending claims in the action. Garcia appealed on June 4, 2020.

This Court, on its own motion, issued an order to show cause why the appeal should not be dismissed as taken from a non-final, non-appealable order; or untimely. Garcia responded, alleging the appeal was prematurely

filed prior to the entry of final judgment in the case. Garcia then filed with the lower court a motion for entry of final judgment. The court entered final judgment on June 11, 2020. Garcia filed an amended notice of appeal of the final judgment. As a result, we discharged the order to show cause on July 8, 2020. Garcia failed to apprise this Court, however, that on June 29, 2020, the trial court vacated the June 11, 2020 final judgment, finding that it "incorrectly believed the [proposed] Final Judgment submitted by Defendant Cecilia Garcia was stipulated to by Plaintiff and that this Court retained jurisdiction for entry of Final Judgment." The trial court found that, following its dismissal with prejudice of Garcia's counterclaims and Evertz's voluntary dismissal with prejudice of her remaining claims, its judicial labor had ended. The court vacated the final judgment nunc pro tunc stating "no further order was permissible and jurisdiction was lost to the Third District Court of Appeal."

Evertz filed the vacatur order with this Court and moved to dismiss the appeal as untimely filed more than thirty days after its notice of voluntary dismissal. "It is well accepted that the effect of a plaintiff's voluntary dismissal under rule 1.420(a)(1) is jurisdictional. The voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose

3

of the case on the merits, and to preclude revival of the original action." <u>Pino v. Bank of New York</u>, 121 So. 3d 23, 32 (Fla. 2013). "The dismissal is effective upon service." <u>Id.</u> at 31. Florida Rule of Appellate Procedure 9.110(b) provides that the jurisdiction of the appellate court "shall be invoked by filing a notice . . . with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." "A final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judicial labor to be done." <u>Nader + Museu I, LLLP v. Miami Dade Coll.</u>, 307 So. 3d 140, 142 (Fla. 3d DCA 2020) (citation omitted). "Ordinarily, a notice of voluntary dismissal will, by itself, . . . sufficiently conclud[e] the action." <u>Id.</u>

In the instant case, the notice of appeal dated June 4, 2020, was untimely filed thirty-one days after Evertz's May 4, 2020 notice of voluntary dismissal.

Dismissed.